UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HEFU CHAI,<br><br>Defendant. | **INFORMATION**<br><br>26 Cr.<br><br>26cr546 |

**COUNT ONE**
**(Wire Fraud)**

The United States Attorney charges:

1. HEFU CHAI, the defendant, misappropriated confidential and valuable nonpublic information from Robinhood Markets, Inc. ("Robinhood") and used that information to place a series of trades on Hyperliquid, a decentralized trading platform. CHAI, who was then a lead engineer at Robinhood, had access to Robinhood's confidential information about when certain cryptocurrency tokens would be available for trading on Robinhood's cryptocurrency trading platform. Rather than keep that information confidential, CHAI exploited his advance knowledge of Robinhood's planned token listings for his own financial benefit. Using that information, CHAI repeatedly bought perpetual futures that were linked to cryptocurrency tokens on Hyperliquid before Robinhood publicly announced that those tokens would be available for trading on its platform. Because new token listings on Robinhood often generated increased market interest and price movement, CHAI's trades were positioned to profit from the market reaction that followed Robinhood's announcements. As a result of this scheme, CHAI made more than $85,000 in illicit profits.

Statutory Allegations

2. From at least in or about 2025 up to and including at least in or about January 2026, in the Southern District of New York and elsewhere, HEFU CHAI, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, CHAI, knowing that he had misappropriated valuable confidential business information, which was subject to a duty of confidentiality, used that information to trade perpetual futures on Hyperliquid, a decentralized trading platform, in breach of his duties, to obtain money and property from his trading counterparties.

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATION**

3. As a result of committing the offense charged in Count One of this Information, HEFU CHAI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

Substitute Assets Provision

4. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

James McDonald

JAMES M. MCDONALD
United States Attorney